15-712(L), 15-724(Con)
*Anna Frank v. Sachem School District*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand sixteen.

Present:
ROBERT A. KATZMANN,
*Chief Judge*,
AMALYA L. KEARSE,
*Circuit Judge*
LORNA G. SCHOFIELD,
*District Judge.*[*]

_____

ANNA FRANK, as next friend pursuant to Fed. R. Civ. P. 17(c) for infant-plaintiff MF,

    *Plaintiff-Appellant*,

        v.                  Nos. 15-712(L), 15-724(Con)[†]

SACHEM SCHOOL DISTRICT,

---

[*] The Honorable Lorna G. Schofield, of the United States District Court for the Southern District of New York, sitting by designation.

[†] 15-712 (L) was disposed by an order filed on June 25, 2015.

1

*Defendant-Appellee,*

NEW YORK STATE DEPARTMENT OF EDUCATION
and SUFFOLK COUNTY,

　　　　*Defendants.*[‡]

---

For Plaintiff-Appellant:　　　　WILLIAM M. BROOKS, Mental Disability Law Clinic,
　　　　　　　　　　　　　　　　Jacob D. Fuchsberg Law Center, Touro College,
　　　　　　　　　　　　　　　　Central Islip, New York.

For Defendant-Appellee:　　　　DAVID F. KWEE, Ingerman Smith, L.L.P., Hauppauge,
　　　　　　　　　　　　　　　　New York.


Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Anna Frank, as next friend pursuant to Federal Rule of Civil Procedure 17(c) for infant-plaintiff MF, appeals the judgment of the District Court for the Eastern District of New York (Spatt, *J.*) dismissing her claim for damages under the Americans with Disabilities Act principally for failure to state a claim. On appeal, Frank argues that defendant Sachem School District ("Sachem") violated MF's rights under the ADA's "integration mandate"—which is designed to ensure that disabled individuals are provided public services in the "most integrated setting appropriate to the [individual's] needs," 28 C.F.R. § 35.130(d)—when it allegedly unnecessarily removed MF from public school and placed him in the Little Flower Residential Treatment Center, a center for emotionally disturbed children. *Cf. Olmstead v. L.C. ex rel.*

---

[‡] The Clerk of the Court is directed to amend the caption to conform to the above.

*Zimring*, 527 U.S. 581, 597 (1999) ("*Unjustified* isolation . . . is properly regarded as discrimination based on disability.") (emphasis added). We assume the parties' familiarity with the relevant facts and the procedural history of the case.

"A district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is reviewed *de novo*, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 n.4 (2d Cir. 2015) (citation omitted). To establish a violation of the integration mandate, a plaintiff must prove that "[1] the State's treatment professionals have determined that community placement is appropriate, [2] the transfer from institutional care to a less restrictive setting is not opposed by the affected individual, and [3] the placement can be reasonably accommodated, taking into account the resources available to the State and the needs of others with mental disabilities." *Olmstead*, 527 U.S. at 587. Further, as a general matter, to recover damages on a claim brought under the ADA, a plaintiff must show that the violation claimed was either intentional or the product of deliberate indifference to the plaintiff's rights. *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 115 (2d Cir. 2001).

The district court held that damages are not available for violations of the integration mandate, but even assuming, *arguendo*, that a plaintiff may seek such damages, we agree with the district court's alternative holding that Frank's complaint nonetheless does not state a valid claim for relief because it fails to allege deliberate indifference. Although Frank asserts that Little Flower was an unnecessarily restrictive setting, she also affirmatively alleges that MF's father possessed custody of MF during all relevant periods and that he consented to Sachem's

3

placement of MF in Little Flower. Given that Frank does not dispute that MF's father, by virtue of the custody order, had authority to act on MF's behalf and that a claim under the integration mandate requires proof that the affected individual opposed placement in the restrictive setting, MF's father's consent precludes Frank from establishing that Sachem acted with deliberate indifference to MF's rights.

We have considered all of Frank's remaining arguments and find them to provide no basis for reversals. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4